OPINION OF THE COURT
Alfred J. Weiner, S.
This is a proceeding commenced by petitioner, the income beneficiary under a trust, against respondent, the cotrustee, to compel payment of the 1999 trust income. The application is opposed by respondent.
The decedent, Adele Margolis, left a last will and testament dated November 4, 1987 which was admitted to probate on August 1,1995. Letters of trusteeship were issued to petitioner Milton Margolis and respondent Irene Suzanne Muller, who *601 thereupon duly qualified and thereafter acted and are still acting as such cotrustees. Pursuant to Article third of the last will, the residue of the estate of the decedent was given to the cotrustees in trust to pay the net income arising therefrom to petitioner at least quarter annually during his life.
Petitioner contends that respondent has failed to pay over the net income for 1999 in the sum of $16,387.82 and paid this income to herself in violation of the terms of the trust. Respondent, who is petitioner’s stepdaughter, contends that she did not violate the trust provisions and that this trust income was applied against petitioner’s obligation to make payments to the respondent and her husband for his share of the purchase of a boat in accordance with the payment procedure previously agreed to by the parties.
Petitioner does not dispute that he did make a promise to make certain payments to respondent and her husband as gifts and perhaps previously utilized trust income to make these payments. However, he contends that this defense is without merit since respondent doesn’t have the right to withhold income from him for this purpose.
The right of an income beneficiary of an express trust to receive the income and apply it to the use of or pay it to any person may not be transferred by assignment or otherwise unless the creator gave the income beneficiary the right to alienate it. (EPTL 7-1.5 [a] [1]; Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 7-1.5, at 220.) If parties to litigation involving a trust want to change the nature of the income interest, the court will still follow the testator’s intent and keep it spendthrift. (Matter of Fiscus, 45 AD2d 235, affd 38 NY2d 874.)
In this trust, since the testatrix did not confer the power to petitioner to transfer such income interest to respondent and her husband, respondent had no right to withhold the income toward payment of the alleged debt.
Since respondent has failed to raise any triable issue of fact, her answer is stricken and the petition is granted.